IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  EASTERN  DISTRICT  OF  PENNSYLVANIA

ANTONIO BENNETT,            :
         Petitioner         :
                            :
         v.                 :    No. 02-CV-04520-JK
                            :
DISTRICT DIRECTOR,          :
IMMIGRATION & NATURAL-      :
IZATION SERVICE,            :
         Respondent         :
                            :
                            :

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I.  INTRODUCTION

        This  is  an  alien  habeas  corpus  case.  The
petitioner,  Antonio  Bennett  ("Bennett"),  is  a  native  and
citizen  of  Jamaica.

        Bennett  claims  to  have  entered  the  United  States
as  a  tourist  at  Newark,  New  Jersey  sometime  in  1984.  Under
the  law  then  in  effect,  he  could  have  been  admitted  for  a
period  not  to  exceed  six  months.  There  is  no  evidence  that
he  either  departed  thereafter,  or  took  any  steps  to
regularize  his  immigration  status.

        On  August  30,  2001  Bennett  was  arrested  in
Brooklyn,  New  York  for  criminal  sale  of  marijuana  in  the

-1-

fourth degree, in violation of N.Y.P.L. § 221.40. He was sentenced the next day to 45 days imprisonment. It appears that the Immigration & Naturalization Service (INS) learned of his arrest and conviction, and concluded that he was illegally present without regard to his conviction. INS took him into custody when his criminal sentence concluded.

On October 5, 2001 the INS at New York issued a document, called a "Notice to Appear" or "NTA," which is the charging document used to commence removal (*i.e.* deportation) proceedings. The charging document alleged that Bennett was an "overstayed" alien, that is, his period of admission had expired. Thereafter Bennett was transferred by INS to Pennsylvania, to one of the agency's regional detention facilities under contract to hold alien detainees. On January 16, 2002 INS lodged an additional removal charge against Bennett to the effect that he was also deportable based on the conviction for selling marijuana; see 8 U.S.C. § 1227(a)(2)(B)(i).

Bennett appealed his custody to Immigration Judge (IJ) John Gossart, who directed Bennett's release upon the filing of a bond in the amount of $7,000.00, on March 6, 2002. The INS appealed the Immigration Judge's decision to

the Board of Immigration Appeals (BIA). That appeal is pending. The BIA did not "stay" the IJ's decision during the pendency of the appeal. For his part, Bennett did not contest the IJ's determination, and indeed recites in his petition says that the $7,000 bond amount "was correct and appropriate." Petition, page 2. A copy of the Immigration Judge's bond determination is attached as Exhibit 1.

On April 25, 2002 Immigration Judge Grace Sease completed the "merits" hearing in Bennett's case, on the issue of his deportability. Bennett made the routine applications for asylum, withholding of removal, and withholding under the Convention Against Torture; Judge Sease considered and denied the applications and ordered Bennett deported as charged.[1] Bennett filed a timely appeal to the BIA, which is pending. (Bennett's removal order becomes final if and when the BIA dismisses his appeal.) A copy of the removal order is attached as Exhibit 2.

---

[1]     Asylum, withholding of removal, and "Torture Convention" relief are avoidances of deportation based on the alien's claim that he would be persecuted/tortured if returned to Jamaica; see 8 U.S.C. § 1158(a)(asylum), 8 U.S.C. § 1231(b)(3) (withholding); 8 CFR § 208.17 (Torture Convention). Denials of those applications are before the BIA and not raised in this petition.

Bennett then moved Immigration Judge John Gossart to reconsider Bennett's custody; Judge Gossart declined to revisit his prior order on May 9, 2002, noting that Bennett had not shown any changed circumstances to warrant reconsideration. <u>See</u> Exhibit 3.

Bennett filed the instant habeas petition on July 5, 2002. In the petition he challenges his detention only.

II. <u>ARGUMENT</u>

This Court has jurisdiction under the federal habeas statute, 28 U.S.C. § 2241(c)(3). The habeas statute grants jurisdiction to district judges to issue writs in their respective districts for those in custody in violation of the Constitution or the laws of the United States; 28 U.S.C. § 2241(c)(3). Thus the standard of review is legality.

Bennett argues at length that he is wrongfully detained under the mandatory detention provisions of 8 U.S.C. § 1226(c). Indeed, in its bond appeal, the INS did argue to the BIA that Section 1226(c) was applicable to Bennett. Nonetheless, the government and the INS recognize that the Third Circuit's decision in <u>Patel v. Zemski</u>, 275 F.3d 299 (3d Cir. 2001) applies to this case.

-4-

In <u>Patel</u>, the Third Circuit decided that the mandatory detention provisions of 8 U.S.C. § 1226(c) were unconstitutional as applied to a lawful resident alien convicted of an aggravated felony. (Two weeks later, the same panel, relying on its decision in <u>Patel</u>, held that mandatory detention was also unconstitutional when applied to an Islamic terrorist who had surreptitiously entered the country; <u>United States v. Radoncic</u>, 28 Fed.Appx. 113, 2001 WL 1681643 (3d Cir. Jan. 4, 2001), *petition for cert. filed*, 70 U.S.L.W. 3642 (U.S. April 4, 2002) (No. 01-1459).  The Supreme Court will decide the issue next term).

Whatever the constitutionality *vel non* of § 1226(c), it has no application to Bennett's case. He has had an individualized bond determination before an Immigration Judge, and professes himself satisfied with the result. The BIA has not "stayed" the IJ's order, despite the appeal by the agency, and Bennett will be released forthwith upon the posting of the bond in the amount of $7,000.

Elsewhere in his petition (bottom of page two) Bennett suggests that he "would not mind" being released on an order of supervision while the BIA considers his removal order. Presently, that is not an option. The Attorney

-5-

General has made an individualized custody determination, and determined as a matter of discretion that release upon posting a $7,000 bond is appropriate. That decision is not reviewable by a federal court for abuse of discretion, on habeas or otherwise. 8 U.S.C. § 1226(e); see DeSousa v. Reno, 190 F.3d 175, 182-83 + 181 n.5 (3d Cir. 1999)(petition for habeas relief cannot be predicated on discretionary decision); Bowrin v. U.S. I.N.S., 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited"); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)(federal jurisdiction over § 2241 petitions does not extend to review of factual or discretionary determinations); Carranza v. INS, 277 F.3d 65 (1st Cir. 2002)("Federal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated").

III. <u>CONCLUSION</u>

    Bennett's case presents no controversy. He has been accorded an individualized custody determination by the Attorney General, and will be released upon the posting of a bond in the amount of $7,000. The petition establishes no illegality and should be dismissed.

            Respectfully,

            PATRICK L. MEEHAN
            United States Attorney


            _____
_____JAMES G. SHEEHAN
            Assistant United States Attorney
            Chief, Civil Division


            _____
            STEPHEN J. BRITT
            Assistant United States Attorney